UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20286-ALTMAN/REID

UNITED STATES OF AMERICA,

v.

AHMED SUBNI WADI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral [ECF No. 38], to conduct a Change of Plea Hearing for Defendant Ahmed Subni Wadi in this case. The Court having conducted the Change of Plea Hearing on October 2, 2023, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing, and would make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and the Defendant acknowledged on the record that he had signed and understood it. Defendant pleaded guilty to Counts 1, 2, and 4 of the Indictment, which charge Defendant with Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846 (Count 1); Dealing in Firearms Without a License, in violation of Title 18, United States Code, Section 922(a)(1)(A) (Count 2); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Count 4). The government agreed to seek dismissal of the remaining counts.

6. The Court ensured that Defendant understood the terms of the plea agreement and that the plea agreement represented, in its entirety, the understanding Defendant has with the Government.

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offense to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the

entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offense.

8. Further, the Court reviewed with Defendant the possible maximum penalties for the charged offense. Defendant acknowledged that he understood these possible penalties. Defendant was advised that the Court may impose a statutory maximum term of imprisonment of 20 years, followed by a term of supervised release of up to life for Count 1; and five years followed by a term of supervised release of up to three years for Count 2. For Count 4, the Court must impose a term of imprisonment of five years consecutive to any sentence on Counts 1 and 2 followed by a term of supervised release of up to five years. The Court also advised Defendant that in addition to a term of imprisonment and supervised released, the Court may impose a fine of up to $1,000,000 for Count 1, $250,000 for Counts 2 and 4, and may order forfeiture and restitution. Defendant acknowledged that a special assessment in the amount of $100 will be imposed on the Defendant for each count of conviction; here, a total of $300.

9. The defendant agreed, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm or ammunition involved in or used in the commission of the offense, in violation of 18 U.S.C. §§ 922 and 924, or any violation of any other criminal law of the United States, pursuant to 18 U.S.C. § 924(d)(1), including but not limited to:

**FIREARMS**
i. Beretta, Pietro S.P.A, Shotgun, A400 XCEL, CAL: 12, SN: XA150104;
ii. Springfield Armory, Geneseo, IL, Pistol, RO ELITE COMPACT, CAL: 45, SN: LW128115;
iii. Matrix Aerospace Corporation, Pistol, M556-SC, CAL: MULTI, SN: none, obliterated;
iv. American Tactical Imports - ATI, Pistol, MIL-SPORT, CAL: 223, SN: MSA065472;
v. American Tactical Imports – ATI, Pistol, Omni Hybrid, CAL: MULTI, SN: NS258217;
vi. Stag Arms, Rifle, STAG-15, CAL: 556, SN: 34142;
vii. Springfield Armory, Geneseo, IL, Rifle, SAINT, CAL: MULTI, SN: 078797;
viii. Spike's Tactical LLC, Pistol, ST15, CAL: 300, SN: SDR012091;
ix. Glock GMBH, 36, CAL: 45, SN: WRX389;

x. Smith & Wesson, Revolver, 38, CAL: 38, SN: CNM7232
xi. HS Produkt (IM Metal), Pistol, XD9, CAL: 9, SN: XD106788;
xii. Taurus, Revolver, 605, CAL: 357, SN: AEA019923;
xiii. Maverick Arms (Eagle Pass, TX), Shotgun, 88, CAL: 12, SN: MV40409P;
xiv. Anderson Manufacturing, Rifle, AM-15, CAL: MULTI, SN: 20186567;
xv. Romarm/Cugir, Rifle, WASR-3, CAL: ZZ, SN: 31452810RO;
xvi. Standard Manufacturing Company, LLC, Revolver, S333 Thunderstruck, CAL: 22, SN: SVF017015;
xvii. Rifle, SN: CF032963;
xviii. Cobra Ent., Inc./Kodiak Ind., Derringer, C22M, CAL: 22, SN: 086935;
xix. Firearm with oblireated serial number;
xx. Zastava, Rifle, Z-PAP M70, CAL: 762, SN: Z70096338;
xxi. Remington Arms Company, Inc., Rifle 700, CAL: 308, SN: RR07192C;
xxii. Glock Inc., Pistol, 29, CAL: 10, SN: BFCV955;
xxiii. Glock Inc., Pistol, 27, CAL: 40, SN: BTZK920;
xxiv. Magnum Research, Inc., Pistol, Desert Eagle, CAL: 50, SN: DK0049065;
xxv. Taurus, Revolver, The Judge, CAL: 45/410, SN: JU969075;
xxvi. Spike's Tactical LLC, CAL: ZZ, SN: H2006806
xxvii. Romarm/Cugir, Pistol, Draco, CAL: 762, SN: DF712520ROA;
xxviii. Ruger, Pistol, NRA 1911, CAL: 45, SN: 7345446;
xxix. American Tactical Imports - ATI, Pistol, Omni Hybrid, CAL: MULTI, SN: NS164391;
xxx. Romarm/Cugir, Rifle, WASR-10, CAL: 762, SN: 1971DH2242;
xxxi. Spike's Tactical LLC, Rifle, ST15, CAL: MULTI, SN: NSL073441;
xxxii. American Tactical Imports - ATI, Rifle, Omni Hybrid, CAL: MULTI, SN: NS22991;
xxxiii. Izhmash (Imez), Rifle, Saiga, CAL: 762, SN: H08103570;
xxxiv. Heckler And Koch, Rifle, MR 762A1, CAL: 762, SN: 242301273;
xxxv. Spike's Tactical LLC, Rifle, SL15, CAL: MULTI, SN: SAR70152;
xxxvi. Keltec, Cnc Industries, Inc., Shotgun, KSG, CAL: 12, SN: XXM332;
xxxvii. FNH USA, LLC, Pistol, SN: 386406549;
xxxviii. FNH USA, LLC, Pistol, SN: 386332967;
xxxix. Century Arms International, Pistol, C39V2, CAL: 762, SN: C39P2A02592;
xl. Joe Bob Outfitters, LLC, Rifle, ML-15, CAL: MULTI, SN: KS05452;
xli. Romarm/Cugir, Pistol, MICRO DRACO, CAL: 762, SN: ROA21PMD23583;
xlii. Glock GMBH, Pistol, 23GEN5, CAL: 40, SN: BXSH775;

**AMMUNITION**
xliii. 6 assorted ammunition CAL: 45;
xliv. 933 assorted caliber ammunition;
xlv. 267 assorted caliber ammunition;
xlvi. 483 assorted caliber ammunition;
xlvii. 183 assorted caliber ammunition;
xlviii. 116 assorted caliber ammunition;
xlix. 1 ammunition, caliber unknown;
l. 39 caliber ammunition;
li. 1 Federal, CAL: 9 ammunition;
lii. 64 assorted caliber ammunition;

liii. 10 assorted caliber ammunition;
liv. 101 assorted caliber ammunition
lv. 8, FEDERAL, CAL: 40;

**OTHER**
lvi. Cellphone belonging to Ramzi Wadi;
lvii. iPhone 14 Max, IMEI: 357879436226126;
lviii. iPhone X, IMEI: 354855096119390;
lix. iPhone Product Red;
lx. Multiple Magazines, Multiple Calibers;
lxi. Two (2) firearm boxes;
lxii. Two (2) firearm boxes (Glock and Magnum);
lxiii. One (1) drum magazine found inside black bag;
lxiv. DVR System Serial Number: 21108004H5-BN0315;
lxv. One (1) Black Samsung Tablet Model: SM-T590 32GB Serial Number: R52K713FYFE with cracked screen;
lxvi. DVR Model ED8216H5-F Serial Number 20098216H5-F0210;
lxvii. DVR Model ED8216H5-F2 Serial Number 21078216H5-F20295;
lxviii. Assorted Keys and (1) Key FOB;
lxix. One (1) Black Promag Extended Magazine;

**VEHICLE**
lxx. 2022 Black Dodge Ram 2500 bearing VIN: 3C6UR5FJ1NG148091;

**CURRENCY**
lxxi. $5,789.00 in U.S. Currency

10. The Defendant further agreed that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court.

11. The Defendant acknowledged that he had reviewed the Indictment, discussed the charge against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

12. The Court specifically reviewed the terms in Paragraph 9 of the plea agreement. The Defendant knowingly and voluntarily agreed to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agreed to waive: any applicable time limits for

administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

13. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Counts 1, 2, and 4 of the Indictment and that Defendant be adjudicated guilty of the offenses charged.

14. A pre-sentence investigation report is being prepared. Sentencing will be set before District Judge Roy K. Altman.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Counts 1, 2, and 4 of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **five** (5) days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 2nd day of October, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **United States District Judge Roy K. Altman;**

**All Counsel of Record**